AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of Oregon

| | |
|---|---|
| United States of America<br>v.<br><br>Ezequiel Ramos Hernandez<br><br>*Defendant(s)* | )<br>)<br>)  Case No. 3:25-mj-00282<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __10/1/2025__ in the county of __Marion__ in the _____ District of __Oregon__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Possession with the intent to Distribute |
| 18 U.S.C. § 111 | Assaulting, Resisting, or Impeding Certain Officers or Employees |
| 8 U.S.C. § 1325 | Improper Entry by Alien |

This criminal complaint is based on these facts:
See attached affidavit of Special Agent John Mandrafina

☑ Continued on the attached sheet.

_____
By Telephone
*Complainant's signature*

John Mandrafina, Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone at __3:40__ ☒ a.m./p.m.

Date: __October 2, 2025__

_____
*Judge's signature*

City and state:  __Portland, Oregon__     Hon. Jolie A. Russo, US Magistrate Judge
*Printed name and title*

**3:25-mj-00282**  **SEALED**

DISTRICT OF OREGON, ss:        AFFIDAVIT OF JOHN MANDRAFINA

**Affidavit in Support of a Criminal Complaint and Arrest Warrant**

I, John Mandrafina, being duly sworn, do hereby depose and state as follows:

**Introduction and Agent Background**

1. I have been a Special Agent ("SA") with the Federal Bureau of Investigation ("FBI") since September 2015. I am currently assigned to the Salem Resident Agency in Portland, Oregon, Field Office. I have training and experience in federal criminal law and procedure, interview and interrogation techniques, arrest procedures, search and seizure procedures, computer crimes, evidence identification and collection, including electronic evidence. I have personally been involved in the investigation of matters concerning, illegal narcotics, gun crimes, crimes committed at federal prisons, health care fraud, bank robberies, fugitives, and the sexual exploitation of children.

2. I submit this affidavit in support of a Criminal Complaint and Arrest Warrant for Ezequiel Ramos Hernandez (**Hernandez**), a Hispanic male with listed date of birth X/X/1996, for Possession with the intent to Distribute, in violation of 21 U.S.C. § 841(a)(1), Assaulting, Resisting, or Impeding Certain Officers or Employees, in violation of 18 U.S.C § 111, and Improper Entry by an Alien, in violation of 8 U.S.C § 1325, hereinafter "Target Offenses". As set forth below, there is probable cause to believe, and I do believe, that **Hernandez** violated the Target Offenses.

3. This affidavit is intended to show only that there is sufficient probable cause for the requested complaint and arrest warrant and does not set forth all of my knowledge about this

matter. The facts set forth in this affidavit are based on my own personal knowledge, knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers, interviews of witnesses, a review of records related to this investigation, communications with others who have knowledge of the events and circumstances described herein, and information gained through my training and experience.

### Applicable Law

4. 21 U.S.C. § 841(a)(1) makes it a crime for a person, except as authorized, to knowingly or intentionally manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance.

5. 18 U.S.C § 111 makes it a crime for a person, to forcibly assault, resist, oppose, impede, intimidate, or interfere with any officer or employee of the United States while engaged in or on account of the performance of official duties.

6. 8 U.S.C § 1325 makes it a crime for an alien to enter or attempt to enter the United States at any time or place other than as designated by immigration officers, or to elude examination or inspection by immigration officers, or to attempt to enter or obtain entry to the United States by a willfully false or misleading representation or the willful concealment of a material fact.

### Statement of Probable Cause

*Search Warrant Affidavit*

7. On September 30, 2025, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ obtained a search

warrant in the United States District Court for the District of Oregon, Case Number 25-MC-01104 A-B, for the person of Ezequiel Ramos Hernandez and Woodburn Inn, 1025 N Pacific Hwy Room 117, Woodburn, OR 97071.

*Service of Search Warrant*

8.     On October 1, 2025, the Federal Bureau of Investigation, with assistance from the Woodburn Police Department and the Salem Police Department, executed the obtained Search Warrants.  **Hernandez** was found in a bed of the motel room.  In bed with **Hernandez** was Adult Witness #1 (AW1) .  Also in the motel room was Adult Witness #2 (AW2).  The occupants were informed that the FBI had a search warrant for the room.

9.     During the search of the room, investigators observed two weight scales on the bedside nightstand, empty plastic baggies, aluminum foil, and additional weight scales.  Investigators seized multiple evidence items believed to be illegal drugs.  Four of these items are described in additional detail below.

10.    A plastic bag containing a substance believed to contain cocaine was found in a satchel on the floor next to the bed occupied by **Hernandez**.  FBI Task Force Officer Jon Garland performed a field test on the substance which was presumptive positive for cocaine.  The substance is pictured below.



11.     A plastic bag containing a substance believed to contain fentanyl was found in a satchel on the floor next to the bed occupied by **Hernandez**. FBI Task Force Officer Jon Garland performed a field test on the substance which was presumptive positive for fentanyl. The substance is pictured below.



12.     A plastic bag containing a substance believed to contain fentanyl was found in a satchel on the floor next to the bed occupied by **Hernandez**.  FBI Task Force Officer Jon Garland performed a field test on the substance which was presumptive positive for fentanyl.  The substance is pictured below.



13.     Small pieces of aluminum foil, with at least one that contained a substance believed to be methamphetamine, found on the nightstand next to the bed occupied by **Hernandez**.  FBI Task Force Officer Jon Garland performed a field test on the substance which was presumptive positive for amphetamines.  The evidence item is pictured below.



14.     The search warrant was reviewed with **Hernandez** and **Hernandez** was informed of the items being seized by the FBI.  Based on the quantity of drugs seized, investigation conducted by local and federal agencies, along with the observation of plastic baggies, folded aluminum foil pieces, and scales, I believe **Hernandez** participated in the distribution of drugs in Room 117.  As a result of the search, and after communication with the United States Attorney's Office, ▮ conducted a probable cause arrest of **Hernandez.**

*Transport to the Yamhill County Jail*

15.     ▮ and ▮  took custody of **Hernandez** and planned to transport him from the Woodburn Police Department to the Yamhill County Jail.  During the transportation, a wrong turn was made and ▮ attempted to turn the

vehicle around at 17827 Whitney Lane, Woodburn, Oregon. **Hernandez** began to resist in the back seat of the vehicle and was able to exit the vehicle.

16. SA Jess Huckemeyer (SA Huckemeyer) interviewed Adult Witness #3 (AW3), a Marion County Public Works employee that witnessed the incident. . SA Huckemeyer told me AW3 saw a vehicle stop at the stop sign that looked like it made a wrong turn. The vehicle then drove into a ditch and AW3 saw three males exit the vehicle. ▓▓▓ chased after **Hernandez** and were able to get **Hernandez** on the ground. **Hernandez** began fighting ▓▓▓ and ▓▓▓. The agents who had identified themselves as FBI agents, asked AW3 to call 911. The agents were trying to control **Hernandez**. AW3 advised they saw that **Hernandez** was handcuffed as he was resisting. AW3 observed **Hernandez** kick ▓▓▓ in the face about three or four times. AW3 observed **Hernandez** trying to bite ▓▓▓.

17. I interviewed Adult Witness #4 (AW4), a Marion County Public Works employee. AW4 pulled into the area of the incident and observed the agents on top of **Hernandez.** The agents looked "gassed." **Hernandez** was extremely combative, non-compliant, and was fighting with his hands. The agents gave commands to **Hernandez** to comply with their commands and stop fighting. **Hernandez** did not comply. AW4 assisted the agents in restraining **Hernandez**. AW4 and AW3 both reported that a Woodburn Police Department Officer showed up and threatened the use of a taser. Law Enforcement was then able to gain control of **Hernandez**.

18. As a result of the incident, ▓▓▓ reported he was being evaluated at the Salem hospital for the following: left elbow pain/inflammation/ laceration, right and left knee

pain/bruising/cuts, forehead pain/swelling, headache, ribs (left, anterior) pain, and right/left hand lacerations/pain.

19. As a result of the incident, ▮ reported he was being evaluated at the Salem Hospital for the following: Right ankle pain/inflammation, right elbow pain/cuts, headache, right/left hand lacerations/soreness, and sternum bruising.

20. SA Huckemeyer reported that after **Hernandez** was evaluated at the Providence Newberg Medical Center, **Hernandez** asked to speak with SA Huckemeyer and SA Craig Robinson. SA Huckemeyer advised they did not Mirandize **Hernandez** and did not ask him any questions. **Hernandez** stated he thought he was being deported which was the reason he tried to escape from the agents. He was fighting to get away from the agents, not fighting to fight the agents. SA Huckemeyer told **Hernandez** he would likely be assigned a defense attorney and that he should speak with his assigned attorney.

*Legal Status*

21. ▮ communicated with a Department of Homeland Security Immigration and Customs Enforcement officer. They provided a Mexican identification document for **Hernandez** and advised he was born in Nayarit, Mexico. The officer advised **Hernandez** had no legal status in the United States.

## Conclusion

21.     Based on the foregoing, I have probable cause to believe, and I do believe, that Ezequiel Ramos Hernandez, with listed date of birth X/X/1996, committed the crimes of Possession with the intent to Distribute, in violation of 21 U.S.C. § 841(a)(1), Assaulting, Resisting, or Impeding Certain Officers or Employees, in violation of 18 U.S.C § 111, and Improper Entry by Alien, in violation of 8 U.S.C § 1325. I therefore request that the Court issue a criminal complaint and arrest warrant for Hernandez.

22.     Prior to being submitted to the Court, this affidavit, the accompanying application, and the requested arrest warrant were all reviewed by Assistant United States Attorney (AUSA) Nicole Bockelman and AUSA Nicole Bockelman advised me that, in her opinion, the affidavit and application are legally and factually sufficient to establish probable cause to support the issuance of the requested criminal complaint and arrest warrant.

<em>By phone pursuant to Fed R. Crim. P. 4.1</em><br>
John Mandrafina<br>
Special Agent

Sworn in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone at __3:40__ (a.m./p.m.) on October __2__, 2025.

Hon. Jolie A. Russo<br>
United States Magistrate Judge<br>
District of Oregon